IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JACOB BANSCHBACH,<br><br>Plaintiff,<br><br>vs.<br><br>BRUCE MILLER, et al.,<br><br>Defendants. | CV 19-00041-H-BMM-JTJ<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Jacob Banschbach, a state prisoner proceeding without counsel, filed a Complaint pursuant to 42 U.S.C. § 1983 alleging he was a victim of sexual assault, excessive force, and assault by Montana State Prison staff.  (Complaint, Doc. 2.)  The Court screened the Complaint pursuant to 28 U.S.C. § 1915 and § 1915A and determined that the Complaint, as plead, failed to state a claim upon which relief may be granted.  (Doc. 4.)  Mr. Banschbach was given an opportunity to amend and has now filed a 107-page Amended Complaint accompanied by 160 pages of exhibits.  (Doc. 6.)  The Court will now complete the screening process.

Mr. Banschbach's Amended Complaint names the same Defendants as named in his original Complaint.  In the original Complaint, Mr. Banschbach did not provide specific facts in the body of his Complaint and simply referred to his statement and the statements of witnesses.  (Complaint, Doc. 2.)  Mr. Banschbach has corrected that defect and provided specific allegations against the Defendants.

1

Mr. Banschbach has raised three claims:  (1) an Eighth Amendment claim that he was sexually assaulted when IPS officers tackled him, took off his underwear, and a hand brushed against his buttocks during the in-cell take down; (2) a Fourth Amendment/Eighth Amendment claim that the strip search was unreasonable because it was done in front of a female officer; and (3) an Eighth Amendment claim that Defendants utilized excessive force during the encounter in the cell.

The Court finds that Mr. Banschbach's allegations that Officers Miller, Baltezar, and Short used excessive force on August 31, 2016 when they tackled him on the bed, pressed a knee into this head and neck, used overly tight handcuffs, and that an officer sexually assaulted him by inserting his hand/finger into his buttocks are sufficient to state a claim and will be served on Defendants Miller, Baltezar, and Short.  The remaining defendants and claims will be recommended for dismissal.

### A.  Failure to Intervene

The failure to intervene can support an excessive force claim where the bystander-officers had a realistic opportunity to intervene but failed to do so.  *Lolli v. County of Orange*, 351 F.3d 410, 418 (9th Cir. 2003); *Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000); *Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995); *cf. Rutherford v. City of Berkeley*, 780 F.2d 1444, 1448 (9th Cir. 1986)

2

(reversing directed verdict for three officers where they admitted that they participated in the detaining, arrest and handcuffing of plaintiff, and plaintiff testified that he saw their faces during the beating) , overruled on other grounds by *Graham v. Connor*, 490 U.S. 386 (1989).

Mr. Banschbach alleges Defendants Roe, Molendyke, Neighbor, and Mendenhall failed to intervene but he did not allege that any of those Defendants were present in the cell where the alleged excessive force and alleged sexual assault occurred or that they could see what was occurring in the cell and had a realistic opportunity to intervene. In addition, Mr. Banschbach alleges the incidents in the cell were swift and violent. (Doc. 6 at 38.) Therefore, it is not plausible that an officer who was not in the cell could have had a realistic opportunity to intervene. These officers should be dismissed.

### B. Failure to Investigate PREA Complaint/Grievance

Mr. Banschbach alleges Defendants Woods, Zuber, Beeson, Sheehan, Wodnik, Roe, Molendyke, Neighbor, Scheet, Lovell, and Clark failed to investigate his PREA complaint and/or his grievances regarding this incident. Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. *Lemire v. Cal. Dept. of Corrections & Rehabilitation*, 726 F.3d 1062, 1085 (9th Cir. 2013).

Here, there is no allegations that Defendants Woods, Zuber, Beeson, Sheehan, Wodnik, Roe, Molendyke, Neighbor, Scheet, Lovell, or Clark caused or were involved in August 31, 2016 incident.  Rather Mr. Banschbach alleges the incident was reported to these Defendants and/or they knew about it and yet did not report it or properly investigate it.  The failure to report or investigate an incident does not cause the deprivation of a federally protected right.

An officer is not liable under the Eighth Amendment unless he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [s]he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Failing to file a report regarding a use of force that has already taken place, without more, does not constitute a disregard for an excessive risk to inmate health or safety.

In addition, there is no constitutional right to a prison administrative appeal or grievance system.  *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (order) ("There is no legitimate claim of entitlement to a grievance procedure.").  There is also no right to a response or any particular action.  *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) (per curiam) ("prisoner's right to petition the government for redress ... is not compromised by the prison's refusal to entertain his grievance").

As such, Mr. Banschbach has not stated a cognizable Eighth Amendment claim against Defendants Woods, Zuber, Beeson, Sheehan, Wodnik, Roe, Molendyke, Neighbor, Scheet, Lovell, or Clark and they will be recommended for dismissal.

## B. Fourth Amendment/Eighth Amendment Strip Search

Mr. Banschbach has not cured the deficiencies in his complaint regarding his allegation that his rights were violated because the strip search was conducted in front of a female correctional officer (Defendant Mendenhall).  As set forth in the Court's prior order, the Fourth Amendment prohibits only unreasonable searches. *Bell v. Wolfish*, 441 U.S. 520, 558 (1979); *Byrd v. Maricopa Cnty. Sheriff's Dep't*, 629 F.3d 1135, 1140 (9th Cir. 2011); *Michenfelder v. Sumner*, 860 F.2d 328, 332 (9th Cir. 1988).  The reasonableness of the search is determined by the context, which requires a balancing of the need for the particular search against the invasion of personal rights the search entails.  *Bell*, 441 U.S. at 558 59 (quotations omitted); *Byrd*, 629 F.3d at 1141; *Bull*, 595 F.3d at 974-75; *Nunez v. Duncan*, 591 F.3d 1217, 1227 (9th Cir. 2010); *Michenfelder*, 860 F.2d at 332-34.

Searches by members of the opposite sex have been found in certain circumstances to violate the Constitution.  *Jordan v. Gardner*, 986 F.2d 1521, 1525 (9th Cir. 1993) (emphasizing many female inmates' history of abuse, "psychological differences between men and women," and intrusive physical

nature of search); *cf. Byrd v. Maricopa County Bd. of Supervisors*, 845 F.3d 919, 924 (9th Cir. 2017) (pretrial detainee's allegation that he alerted prison officials of his discomfort with defendants' policy of permitting female guards to regularly view his bathroom and shower use from 4-5 feet away because of detainee's past sexual abuse was sufficient to state a claim for relief against cruel and unusual punishment). But, by itself, "[c]ross gender searches cannot be called inhumane and therefore do[ ] not fall below the floor set by the objective component of the [E]ighth [A]mendment." *Somers v. Thurman*, 109 F.3d 614, 623 (9th Cir. 1997) (*quoting Johnson v. Phelan*, 69 F.3d 144, 150 51 (7th Cir. 1995)).

The Ninth Circuit has upheld a district court's finding that there was sufficient "infliction of pain" to trigger the Eighth Amendment in a cross-gender search case with exacerbating circumstances. *See Jordan*, 986 F.2d at 1525 27. In *Jordan*, the Ninth Circuit recognized that the evidence in *Jordan* showed that the female inmates had certain vulnerabilities that would cause a cross gender pat down search to exacerbate preexisting mental conditions which could cause severe psychological trauma. *Id.*

The unclothed body search at issue in instant matter is distinguishable from the pat down searches in *Jordan*. Most importantly, although the strip search was done in eyesight of the female guard, she did not conduct the search or participate in any way in the search. Mr. Banschbach now alleges that he is a survivor of

sexual assaults and has been diagnosed with PTSD from those assaults.  (Doc. 6 at

51.)  But the Court finds that the alleged facts still do not rise to the level of a

constitutional violation because Officer Mendenhall did not participate in the

search.  Defendants' alleged conduct in having Mr. Banschbach appear naked in

front of a female guard does not rise to the level of pain sufficient to violate the

objective component of the Eighth Amendment.  *Farmer v. Brennan*, 511 U.S.

825, 834 (1994) (*quoting Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).

This claim will be dismissed.

Based upon the foregoing, the Court issues the following:

**ORDER**

1.  Pursuant to Fed.R.Civ.P. 4(d), the Court requests Defendants Miller,

Baltezar, and Short to waive service of summons of the Amended Complaint by

executing, or having counsel execute, the Waiver of Service of Summons.   The

Waiver must be returned to the Court within 30 days of the entry date of this

Order.  If Defendants Miller, Baltezar, and Short choose to return the Waiver of

Service of Summons, their answer or appropriate motion will be due within 60

days of the date of this Order pursuant to Fed.R.Civ.P. 12(a)(1)(B).  *See also* 42

U.S.C. § 1997e(g)(2).

2.  The Clerk of Court shall e-mail the following documents to Legal

Counsel for the Montana Department of Corrections:

* Complaint (Doc. 2);

* July 29, 2019 Order (Doc. 4);

* Amended Complaint (Doc. 6);

* this Order;

*  a Notice of Lawsuit & Request to Waive Service of Summons; and

* a Waiver of Service of Summons.

Counsel for the Montana Department of Corrections will not be served with a hard copy of these documents.

3.   Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11.  If a party wishes to give the Court information, such information must be presented in the form of a notice.  The Court will not consider requests made or information presented in letter form.

4.  Mr. Banschbach <u>shall not</u> make any motion for default until at least 70 days after the date of this Order.

5.  Pursuant to Local 26.1(d) "no party may begin discovery until a scheduling order has been issued."

6.  At all times during the pendency of this action, Mr. Banschbach must

immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

## RECOMMENDATIONS

1. Defendants Woods, Zuber, Beeson, Sheehan, Wodnik, Roe, Mendenhall Molendyke, Neighbor, Scheet, Lovell, and Clark should be DISMISSED.

2. Mr. Banschbach's failure to intervene claims, failure to investigate, and Fourth Amendment/ Eighth Amendment claim that the strip search was unreasonable because it was done in front of a female officer should be DISMISSED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Banschbach may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of

---

[1]Mr. Banschbach is entitled an additional three (3) days after the period would otherwise expire.

Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 9th day of December, 2019.


*/s/ John Johnston*
John Johnston
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JACOB BANSCHBACH, | CV 19-00041-H-BMM-JTJ |
| Plaintiff, | |
| vs. | RULE 4 NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF SUMMONS |
| BRUCE MILLER, et al., | |
| Defendants. | |

TO:   Legal Counsel for the Montana Department of Corrections
       P.O. Box 201301
       Helena, MT 59620-1301

A lawsuit has been filed against individuals you may represent in this Court under the number shown above. A copy of the Amended Complaint (Doc. 6) is attached.

This is not a summons or an official notice from the court. It is a request that, to avoid the cost of service by the U.S. Marshals Service, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must file the signed waiver within 30 days from the date shown below, which is the date this notice was sent.

If you file the signed waiver, the action will then proceed as if Defendants were served on the date the waiver is filed, but no summons will be served on Defendants and they will have 60 days from the date this notice is sent to answer

1

the Amended Complaint.  If you do not return the signed waiver within the time indicated, the Court will order the U.S.  Marshals Service to personally serve the summons and Amended Complaint on Defendants and may impose the full costs of such service.  Please read the statement below about the duty to avoid unnecessary expenses.

DATED this 9th day of December, 2019.


_/s/ John Johnston_____
John Johnston
United States Magistrate Judge

## Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JACOB BANSCHBACH, | CV 19-00041-H-BMM-JTJ |
| Plaintiff, | |
| vs. | RULE 4 WAVIER OF SERVICE OF SUMMONS |
| BRUCE MILLER, et al., | |
| Defendants. | |

TO:   The U.S.  District Court for the District of Montana

The following Defendants acknowledge receipt of your request to waive service of summons in this case.  Defendants also received a copy of the Amended Complaint (Doc. 6).  I am authorized by the following Defendants to agree to save the cost of service of a summons and an additional copy of the Amended Complaint in this action by not requiring that the following individuals be served with judicial process in the case provided by Fed.R.Civ.P.  4:

_____; _____;

_____; _____;

The above-named Defendants understand that they will keep all defenses or objections to the lawsuit, the Court's jurisdiction, and the venue of the action, but waive any objections to the absence of a summons or of service.  Defendants also understand that they must file and serve an answer or a motion under Rule 12

1

within 60 days from the date when the Request for Waiver of Service of Summons

was filed and if they fail to so default judgment will be entered against them.


Date: _____


_____
(Signature of the attorney
or unrepresented party)


_____
(Printed name)


_____
(Address)


_____
(E-mail address)


_____
(Telephone number)